UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| REBECCA WHEELER, individually and as Guardian ad Litem of Candace LeClaire, Tristan LeClaire, minor children; and DAVID WHEELER, | * * * * * | CIV 08-4087 |
| Plaintiffs, | * * | MEMORANDUM OPINION AND ORDER RE: MOTION TO AMEND |
| vs. | * * | |
| WAYNE HRUZA, | * * | |
| Defendant. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiffs have moved the Court pursuant to FED. R. CIV. P. 15(a)(2) for an Order granting Plaintiffs leave to amend their Complaint to add a claim for punitive damages against Defendant Wayne Hruza and to correct the spelling of the Plaintiff minor children's last name. Doc. 30. For the reasons set forth below, the motion is denied.

## DISCUSSION

This is a diversity action which arose out of an automobile accident on October 6, 2006, on Interstate 90 in South Dakota. In their proposed First Amended Complaint Plaintiffs have alleged that Defendant, who was pulling a trailer, caused the accident by illegally attempting a u-turn or left-hand turn from the right lane of the Interstate, on to a crossover, in an attempt to go eastbound on Interstate 90. Doc. 30-1. Plaintiffs further contend that Defendant attempted this illegal u-turn without warning Plaintiffs and without making certain that no other traffic would be affected by the improper turn. The proposed amended portion of the Complaint states, "The wrongful conduct of Defendant in making an illegal u-turn on the Interstate as recited above was willful and wanton and exhibited a reckless disregard for the rights and safety of others, entitling Plaintiffs to an award of punitive damages in an amount to be determined fair and reasonable by a jury." Doc. 30-1.

Defendant contends that Plaintiffs' motion, which seeks permission to amend the complaint

to include a claim for punitive damages, is futile in that there is no factual or legal basis for such a claim. Defendant further contends that alcohol was not a factor in the accident and that even assuming that South Dakota would recognize a claim for punitive damages in a car accident case lacking evidence of intoxication, Plaintiffs fail to present any conduct other than negligence. In support of his position, Defendant relies upon portions of transcripts and a motor vehicle accident report.[1] The transcripts and motor vehicle accident report establish that it was dark at the time of the accident, and that Defendant knew that it was illegal and created a risk to other drivers to make a u-turn and drive through a median on the Interstate, but that he attempted to do so instead of traveling to where he could have taken an Exit to properly turn around. The transcripts and motor vehicle accident report further establish that Defendant drove below the minimum speed limit before impact and was charged with turning from the wrong lane and illegal median crossing. The transcript of Defendant's deposition also presents evidence that Defendant had not consumed alcohol the day of the accident, that he had checked his mirrors before attempting the U-turn, and that he did not have a history of making illegal U-turns on the Interstate.

Although generally a district court should freely give leave to a party to amend its pleadings when justice so requires, FED. R. CIV. P. 15(a); it may properly deny a party's motion to amend a complaint when such amendment would unduly prejudice the non-moving party or would be futile. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Denial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008), *quoted in Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

When ruling on a motion to dismiss under Rule 12(b)(6) a district court generally may not consider materials outside the pleadings, other than some public records, materials that do not contradict the complaint, or materials that are "necessarily embraced by the pleadings." *Noble Systems Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). This Court will therefore consider only the sufficiency of the allegations contained in the proposed Amended Complaint in determining the futility issue.

---

[1] Plaintiffs also attached portions of a deposition to their supporting memorandum.

*See Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D.Ill. 2002)(The test for futility in a motion to amend complaint does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment, but whether the proposed pleading can withstand a motion to dismiss for failure to state a claim.); *Journal Pub. Co. v. American Home Assur. Co.*, 771 F.Supp. 632, 635 (S.D.N.Y. 1991)(district court considers only sufficiency of the allegations in a proposed amended complaint in determining whether proposed amendments are futile).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). In determining whether the proposed Amended Complaint in this case contains a claim for punitive damages that is plausible on its face, this Court must examine South Dakota law on punitive damages.

Under South Dakota law punitive damages may be awarded in cases other than breach of contract if the "defendant has been guilty of oppression, fraud, or malice, actual or presumed." S.D.C.L. § 21-3-2. In *Berry v. Risdall*, 576 N.W.2d 1, 33-35 (S.D. 1998), the South Dakota Supreme Court upheld the trial court's finding that there was a reasonable basis to submit the issue of punitive damages to the jury in an action against an intoxicated driver. The South Dakota Supreme Court in *Berry v. Risdall* examined the punitive damages standard of willful and wanton misconduct in the context of operating a motor vehicle by considering the court's earlier characterization of willful and wanton misconduct in an action involving South Dakota's guest statue. In that earlier case the court defined "willful and wanton" as follows:

> It is conduct which partakes to some appreciable extent, though not entirely, of the nature of a deliberate and intentional wrong. There must be facts that would show that defendant intentionally did something in the operation of the motor vehicle which he should not have done or intentionally failed to do something which he should have done under the circumstances that it can be said that he consciously realized that his conduct would in all probability, as distinguished from possibility, produce the precise result which it did produce and would bring harm to the plaintiff.

3

> Willful and wanton misconduct demonstrates an affirmative, reckless state of mind or deliberate recklessness on the part of the defendant. Such state of mind is determined by an objective standard rather than the subjective state of mind of the defendant. (Citations omitted)

*Tranby v. Brodock*, 348 N.W.2d 458, 461 (S.D. 1984), *quoted in Berry v. Risdall*, 576 N.W.2d at 35.

Defendants suggest that evidence of intoxication is likely necessary to support a claim for punitive damages in an action involving the defendant's operation of a motor vehicle. Admittedly, intoxication is a common theme in South Dakota punitive damages cases involving the operation of a motor vehicle. *See, e.g., Flockhart v. Wyant*, 467 N.W.2d 473, 478 (S.D. 1991); *see also, Hunter v. Hagen*, 672 F.Supp. 426 (D.S.D. 1987). Further, Defendant is correct in asserting that even intoxication, standing alone, may not be sufficient to warrant submitting a claim for punitive damages to a jury. *See Bethel v. Janis*, 597 F.Supp. 56 (D.S.D. 1984). However, there is neither a statutory nor case law mandate restricting punitive damages to those motor vehicle cases in which the driver was intoxicated. Intoxicated driver cases do not present a situation where a collision and injury are virtually certain. What intoxicated driver cases present is a greatly heightened probability of a collision causing injury. It is interesting to note that recent studies have shown that the probability of a vehicular collision is as great for intoxicated drivers as for texting and cell phone use drivers. Public concern has, however, generally not specifically criminalized those latter behaviors.

The proposed Amended Complaint in the present case is to be judged on the face of the proposed Complaint, not the additional information and claims contained in the briefs and attachments of the parties.

Even though claimed in the briefing, the proposed Amended Complaint does not allege that the collision occurred at night, that due to the length of the pickup and trailer, the westbound lanes would be completely blocked, the headlights of the pickup and the taillights of the trailer would not be visible to an approaching driver and that Defendant was operating his vehicle below the minimum speed allowed. The proposed Amended Complaint simply alleges a negligence claim and inserts a "formulaic recitation" that Defendant's conduct was "willful and wanton." See *Twombly*, 550 U.S. at 555.

4

It may well be that Plaintiffs' claim for punitive damages even if fully alleged would not withstand a motion for summary judgment. *See, e.g., Lewis v. Suttles Truck Leasing, Inc.*, 869 F.Supp. 947 (S.D.Ga. 1994)(truck driver's alleged conduct of attempting a U-turn on four-lane highway did not rise to level of willful misconduct or conscious indifference necessary to support award of punitive damages under Georgia law). However, there may be circumstances under which a jury, applying an objective standard, could determine that knowingly violating the law and blocking two lanes of the Interstate by attempting a U-turn through a prohibited median at night with a pickup and trailer constitutes an "affirmative, reckless state of mind or deliberate recklessness" so as to justify the imposition of punitive damages. *See Berry v. Risdall*, 576 N.W.2d at 35; *Tranby v. Brodock*, 348 N.W.2d at 461. However, in applying the standard applicable to the determination of a motion to dismiss for failure to state a cause of action, this Court concludes that the proposed Amended Complaint does not contain sufficient factual matter, which if accepted as true, states a "claim to relief [for punitive damages] that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Amend Complaint (Doc. 30) is denied.

Dated this 2nd day of June, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: Summer Wah
DEPUTY

5